IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)  HAYDEN RYAN AND | § | |
| 2)  AUTUMN RYAN, INDIVIDUALLY | § | |
| AND AS PARENTS AND NEXT | § | |
| FRIENDS OF THEIR MINOR SON | § | |
| C.R., | § | |
| | § | Case No. 18-cv-00206-GKF-FHM |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| 1)  UNITED HEALTHCARE LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant, for purposes only of removing this cause to the United States District Court for the Northern District of Oklahoma, states:

1.     **State Court Action.** This is an action filed by Plaintiffs on March 16, 2017, in the District Court of Tulsa County, State of Oklahoma, being numbered Case No. CJ-2017-01044 on the docket of said court and essentially being a suit by Plaintiffs to recover benefits under a medical insurance policy as well as punitive damages for the denial of claimed benefits.

2.     **Diversity of Citizenship.** This action is removable under 28 U.S.C. §§ 1332, 1441 and 1446 inasmuch as the action is between parties with diverse citizenship. Plaintiffs are all citizens of Oklahoma and residents of Tulsa County, Oklahoma. [*See* Petition, ¶ 1; Amended Petition, ¶ 1]. Defendant is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin "outside of the state of Oklahoma." [S*ee* Declaration,

Ex. A; Petition, ¶ 2; Amended Petition, ¶ 2]. Therefore, Plaintiffs are citizens of Oklahoma, and Defendant is a citizen of Wisconsin for removal and diversity purposes. There is complete diversity of citizenship between Plaintiffs and Defendant at the time of filing suit and at the time of removal.

3.    **Amount in Controversy Exceeds $75,000.00.**   This action is further removable under 28 U.S.C. §§ 1332, 1441 and 1446 inasmuch as the amount in controversy exceeds $75,000.00. In the Petition and Amended Petition filed March 16, 2017, and March 31, 2017, respectively, Plaintiffs seek in their prayers for relief "Actual damages in an amount no less than $61,086.90 against Defendant for the causes of action listed above <u>in addition to punitive damages.</u>"[1] [See Petition, p. 4; Amended Petition, p. 4]. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988, 993 (N.D. Okla. 2014) (quoting *Woodmen of the World Life Ins. Soc'y v. Manganaro,* 342 F.3d 1213, 1218 (10th Cir.2003).

4.    While denying the allegations of Plaintiffs and denying that Plaintiffs are entitled to recover any amounts or any relief claimed, the claims of bad faith alleged in the second and seventh causes of action, alone or along with the other asserted breach of fiduciary duty, fraud, intentional infliction of emotional distress, or malicious wrong claims, permit an award of punitive damages if proven under Oklahoma law. *See Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1106 (Okla. 2005) ("breach by an insurer of the implied duty to deal fairly and to act in good faith with the insured, 'gives rise to an action

---

[1] Unless otherwise indicated, all emphasis is supplied by counsel for Defendant.

in tort for which consequential and, in a proper case, punitive, damages may be sought,'" *quoting Christian v. American Home Assurance Co.,* 577 P.2d 899, 904 (Okla. 1977)). Plaintiffs factually support their claims of bad faith and other tort claims seeking punitive damages with allegations in both the Petition and Amended Petition that Defendant has "refused to properly interpret the provisions of the Policy," that "[t]he Policy has been unreasonably interpreted by Defendant so that Defendant can save money, to the detriment of Plaintiffs' minor son C.R.," that "the Policy has been unreasonably interpreted by Defendant in bad faith, thus causing Plaintiffs damages," that "Defendant's actions toward Plaintiffs in light of … the clear language of the Policy … were outrageous, atrocious, and beyond all possible bounds of decency … [and] were intentionally and recklessly caused to force Plaintiffs to experience emotional distress," that "Defendant's breach of the Second Policy was in bad faith," and "Defendant's conduct … and its actions toward the Plaintiffs were intentional and calculated in the ordinary course of events to damage, done without just cause or excuse." [Petition, ¶¶ 9, 10, 11, 18, 23, & 25; Amended Petition, ¶¶ 9, 10, 11, 18, 23, & 25].

5.    Further, under Okla. Stat. TIT. 23 § 9.1, punitive damages are available in a bad faith insurance action upon a showing of reckless disregard toward another's rights from which malice and evil intent may be inferred." *Badillo,* 121 P.3d at 1106; *see* Okla. Stat. TIT. 23 § 9.1. This governing Oklahoma statute then allows, <u>at the very least</u>, for recovery for punitive damages in an amount not to exceed the greater of $100,000.00 or the amount of actual bad faith damages. *See* Okla. Stat. TIT. 23 § 9.1(B). So, Plaintiffs'

punitive damages claim is at least $61,086.90, such being the amount of actual bad faith damages claimed. [*See* Petition, p. 4; Amended Petition, p. 4]. *See Badillo,* 121 P.3d at 1106; *see* Okla. Stat. TIT.23 § 9.1. Thus, using the lowest level of punitive damages available, the amount in controversy as pled by Plaintiffs totals $122,173.80, (the $61,086.90 in claimed actual damages plus $61,086.90 in category one punitive damages).

6.     In addition to the pleadings demonstrating an amount in controversy exceeding $75,000.00, Plaintiffs themselves demonstrated unequivocally that the amount claimed exceeds $75,000.00 through their pre-suit demands.  Specifically, by demand letter dated January 9, 2017 (the "Demand Letter"), Plaintiffs as part of an "offer to enter into settlement negotiations outside of litigation" attached a draft petition they claimed "will be filed on February 9, 2017, unless UnitedHealthcare agrees to mediate in Tulsa before that date." [S*ee* Declaration, Ex. A, ¶ 3 (Ex. 1, p. 1)]. In this pre-suit demand, the draft petition in paragraph 9 seeks "damages in an amount <u>in excess of $75,000.00</u>" and then in its prayer for relief seeks "<u>Punitive damages and actual damages in excess of $75,000.00</u> against Defendant for the causes of action listed." [S*ee* Declaration, Ex. A, ¶ 3 (Ex. 1, pp. 2,4.)].

7.     The Court is to determine "by a preponderance of the evidence whether the actual value of punitive damages places the amount in controversy above $75,000.00." *Singleton,* 49 F. Supp. 3d at 993 (*citing* 28 U.S.C. § 1446(c)(2)(B)). Evidence of an out-of-court demand in excess of $75,000.00 may alone also be sufficient to meet the jurisdictional standard. *Id.*; *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008). Once jurisdictional facts are proven, remand is not appropriate so long as "it is not legally

certain that the claim is less than the jurisdictional amount." *Singleton,* 49 F. Supp. 3d at 992 (*quoting Woodmen of the World Life Ins. Soc'y,* 342 F.3d at 1218).

8.      Here, like in *Singleton,* the claims and asserted underlying facts demonstrate that the value of Plaintiffs' claim for punitive damages, when coupled with their claim for actual damages, exceeds the jurisdictional threshold of $75,000.00. *See Singleton,* 49 F. Supp. 3d at 994. This is further confirmed by Plaintiffs' Demand Letter that places the amount in controversy above $75,000.00.  Plaintiffs' attempted artful and disingenuous filed pleadings seeking to leave the dollar amount of punitive damages out as a means to prevent removal thus fails.

9.      Therefore, this Court has original jurisdiction of this wholly civil action pursuant to 28 U.S.C. § 1332, Defendant having shown by at least a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.      **Removal is Timely.** Defendant was served with process on March 27, 2018. Therefore, removal is timely under 28 U.S.C. § 1446(b) as this notice of removal is being filed "within 30 days after the receipt by the defendant."

11.      The U.S. Supreme Court has determined that "formal service of process on a defendant is required to trigger the 30-day period to file a notice of removal under § 1446(b), and a defendant's receipt of a courtesy copy of the complaint or knowledge that a case has been filed is insufficient to trigger a defendant's 30-day time period to remove a case to federal court." *Robinson v. Dolgencorp, LLC*, No. 13-CV-0001-CVE-FHM, 2013

WL 789611 * 2 (N.D. Okla. March 4, 2013) (*citing Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 355-356 (1999)). This and other courts consistent with the above governing precedent likewise require formal service of process to trigger the 30-day removal period. *See White v. Mylan, Inc.,* 2012 WL 6726593, *4 (W.D. Okla. Dec. 27, 2012); *Denny v. Illinois Nat'l Ins. Co.,* 2010 WL 5141656, *4–5 (N.D. Okla. Dec. 13, 2010); *Fenwick v. Nationwide Mutual Insurance Company,* 2009 WL 3246757, *2 (D. Utah Oct. 6, 2009); *Anderson v. Ford Motor Co.,* 303 F. Supp. 2d 1253, 1257–58 (W.D. Okla. 2004). Thus, Plaintiffs providing of a draft petition as part of the Demand Letter or Plaintiffs' later requests to the state court to delay the date of required service did not affect the Defendant's timely removal of this action within 30 days after formal service.

12.     Further, and as detailed above, the Plaintiffs' state court action was initially removeable. The parties set forth in the Petition are fully diverse. The amount in controversy as detailed above exceeded $75,000.00 from the outset of the filing of the Petition. Because the case started by the initial pleading was removable, even if formal service of the Petition to start the removal clock was not required (it is as detailed above), the one-year removal time limitation of 28 U.S.C. § 1446(b)(3) and (c) that only apply "if the case started by the initial pleading is <u>not removeable</u>" has no application to the removal of this case. *See Anderson v. Ford Motor Co*., 303 F. Supp.2d 1253, 1257-59 (W.D. Okla. 2004) ("According to a plain reading of § 1446(b), the "except" clause applies only to diversity cases not originally removable."); *Brown v. Tokio Marine and Fire Ins. Co.,* 284 F.3d 871 (8th Cir. 2002), *cert. denied,* 537 U.S. 826, (2002) (holding that the "except"

clause applies only to cases not originally removable); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir. 1999) (accord); *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873 (5th Cir. 1998) (same); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998) (same); *see also Robinson,* No. 13-CV-0001-CVE-FHM, 2013 WL 789611 * 2 (N.D. Okla. March 4, 2013, J. Eagan) (*citing Anderson* with approval and holding that "formal service of process on a defendant is required to trigger the 30 day removal period.").[2]

13. **State Court Documents Attached.** Attached hereto are copies of all process, pleadings, and orders served on Defendant or made a part of the state court record in the state court action (having been obtained directly from the state court clerk), including a copy of the state court docket sheet. [*See* Exhibit B].

14. **Notice.** Defendant will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

15. **Prayer.** Wherefore, Defendant prays that the United States District Court for the Northern District of Oklahoma accept this Notice of Removal, that it assumes

---

[2] Moreover, even in the unlikely event the Court determines that formal service is not required before the removal clock starts to run and that the state court action was not initially removable contrary to all of the above, removal would still be proper. Under 28 U.S.C. 1446(c)(1) and (3)(B) removal is proper where a plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal, such being deemed "bad faith" thus permitting removal even after one year in an initially non-removable diversity case. Here, Plaintiffs deliberately sought to reduce the explicitly stated amount in controversy by changing the allegation of actual and punitive damages detailed in the petition attached to the Demand Letter as being over $75,000.00 to just stating a dollar amount of actual damages while leaving the punitive damages without an express dollar amount. Moreover, the Petition as then filed (unlike the petition attached to the Demand Letter) fails to comply with Oklahoma state pleading procedures that require every petition seeking punitive damages to "state whether the amount of damages sought to be recovered is in excess of or not in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code." Title 12 O.S. 2011 § 2009 (G). Plaintiffs deliberate efforts to obfuscate the amount in controversy as demonstrated above is yet another ground authorizing removal in this case.   *See* 28 U.S.C. 1446(c)(1) and (3)(B).

jurisdiction of this cause, that it issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and that it grant such other and further relief as may be necessary.

Dated: April 13, 2018              Respectfully submitted,

By: */s/ Joseph V. Allen*
    Joseph V. Allen, OBA 31464
    j.allen@barrowgrimm.com

**BARROW & GRIMM**
110 West 7th Street, Suite 900
Tulsa, OK  74119-1044
(918) 584-1600
(918) 585-2444 (Fax)

Andrew G. Jubinsky (*pro hac vice* to be filed)
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Michael G. Brown ( *pro hac vice* to be filed)
Texas Bar No. 03153800
mike.brown@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX  75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 13, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

       J. Brian Brandes
       brian@brandesandyancy.com

       I hereby certify that on April 13, 2018, I served the same document by      N/A    on the following, who are not registered participants of the ECF system:

       None.

                                   */s/ Joseph V. Allen*
                                     Joseph V. Allen

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

HAYDEN AND AUTUMN RYAN, §
INDIVIDUALLY AND AS PARENTS §
AND NEXT FRIEND OF THEIR §
MINOR CHILD SON C.R., §
§
     Plaintiffs, §
§
v. § C.A. No.  18-cv-00206-GKF-FHM
§
UNITED HEALTHCARE LIFE §
INSURANCE COMPANY, §
§
     Defendant. §

## DECLARATION

1.    My name is _Richard C. Sullivan_. I am over the age of eighteen years and am competent to make this declaration. I work on behalf of UnitedHealthcare Life Insurance Company. I have personal knowledge of the statements set forth herein, and they are true and correct.

2.    At all times relevant hereto, including both now, at the time the lawsuit was filed on March 16, 2017, and at the time the lawsuit was served on March 27, 2018, UnitedHealthcare Life Insurance Company has been a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin.

**Declaration**                                                               **Page 1**

3.      Plaintiffs' counsel, by letter dated January 9, 2017, made a pre-suit demand on United Healthcare Life Insurance Company. A true and correct copy of the letter, including the draft petition attached thereto, is attached hereto as Exhibit 1.[1]

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this //th day of April, 2018.

UNITED HEALTHCARE LIFE INSURANCE
COMPANY
By: _____

Its: _____
       Vice President + Secretary

---

[1] The written discovery and evidence preservation letter referenced in the Demand Letter are not attached to Exhibit 1 hereto.

**Declaration**                                                              **Page 2**

# BRANDES & YANCY



J. Brian Brandes
Rod T. Yancy
Brandy L. Robles

## CONFIDENTIAL COMPROMISE OFFER PURSUANT TO OKLA. STAT. TIT. § 2408

January 9, 2017

United Healthcare Life Insurance Company
ATTN: Legal Department
3100 AMS Boulevard
PO Box 19032
Green Bay, WI, 54307

United Healthcare Life Insurance Company
ATTN Legal Department
7440 Woodland Drive
Indianapolis, IN 47268

Via Certified Mail

Re:   *Ryan v. United Healthcare*; Tulsa Co. Case No. CJ-17-xx
Control No. 16004-38009
Identification No. 430182848

To Whom it May Concern:

As previously advised, I have been retained by the Ryan family to address the issues that have arisen with regard to United Healthcare's denials of coverage for ABA therapy. This letter is being sent as an offer to enter into settlement negotiations outside of litigation.

Enclosed please find the Petition with regard to the above-referenced matter as well as the first set of discovery to United Healthcare. The Petition will be filed on February 9, 2017, unless United Healthcare agrees to mediate in Tulsa before that date. The attached discovery will be served with the Petition. Also enclosed is a copy of the December 16, 2016 evidence preservation letter, which was previously faxed to the recipients noted therein. If United Healthcare or its attorneys would like to discuss this matter, please contact my office in the next month. Thank you.

Sincerely,

J. Brian Brandes

Jbb:Mjc
Enclosures

RECEIVED JAN 13 2017

1214 East 33rd Street, Tulsa, OK 74105   P: 918-924-5520   F: 918-796-5717   brian@brandesandyancy.com

**EXHIBIT**

1

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

Plaintiffs,

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
COMPANY

Defendant.

Case No. CJ-2016-

## PETITION

COMES NOW PLAINTIFFS Hayden and Autumn Ryan and their Minor Son C.R. ("Plaintiffs") and for their claims against Defendant United Healthcare Life Insurance Company ("Defendant") state as follows.

1.  Plaintiffs are Tulsa County residents and have been Tulsa County residents for all relevant time periods.

2.  Defendant is an insurance company with its principal place of business outside of the state of Oklahoma.

3.  The acts, omissions, and occurrences that gave rise to this lawsuit arose in Tulsa County.

4.  Jurisdiction and venue are appropriate in this matter.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT OF DEFENDANT

5.  On or about January 1, 2015, Defendant issued Policy Number 430 038 821 ("Policy") for Plaintiffs' minor son ("CR") with an effective date of January 1, 2015—December 31, 2015.

6.      The Policy was renewed for a second term from January 1, 2016, with an effective date of January 1, 2016—December 31, 2016.

7.      The Policy, by its terms, covers Applied Behavior Analysis (ABA) therapy, which is required by CR in light of his diagnosis of Autism Spectrum Disorder.

8.      The Policy, by its terms, is Guaranteed Renewable Subject to Listed Conditions.

9.      Defendant has refused to appropriately interpret the provisions of the Policy, thereby causing Plaintiffs damages in an amount in excess of $75,000.00.

## SECOND CAUSE OF ACTION – BAD FAITH OF DEFENDANT

Paragraphs 1-9 above are hereby incorporated by reference as if fully set forth herein.

10.     The Policy has been unreasonably interpreted by Defendant so that Defendant can save money, to the detriment of Plaintiffs' minor son CR.

11.     The Policy has been unreasonably interpreted by Defendant in bad faith, thus causing Plaintiffs' damages.

## THIRD CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

Paragraphs 1-11 above are hereby incorporated by reference as if fully set forth herein.

12.     Defendant, by and through its actions, has breached the fiduciary duty it owes Plaintiffs and their minor son CR.

## FOURTH CAUSE OF ACTION - FRAUD

Paragraphs 1-12 above are hereby incorporated by reference as if fully set forth herein.

13.     Defendant, by no later than April 1, 2015, "provided guidance that [Defendant felt] ABA is not covered under the language of the Policy."

14.     On or about April 17, 2015, Defendant cited the relevant provisions of the Policy that address and provide coverage for ABA while incorrectly claiming that "there are no benefits for

2

ABA therapy in Oklahoma."

15.     The representation made by Defendant in ¶¶ 15-16 above were false at the time they were made, were made by Defendant with knowledge of its falsity, and were made with the intention that Plaintiffs rely upon it, which they did, thus causing them damages.

16.     Plaintiffs reserve the right to amend their claim for fraud as discovery continues to reveal additional counts of fraud.

**FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17.     The allegations contained above in Paragraphs 1-16 are hereby incorporated by reference as if fully set forth herein.

18.     Defendant's actions towards Plaintiffs in light of their minor son CR's condition, the clear language of the Policy providing coverage for ABA therapy, and the need for ongoing medical treatment were outrageous, atrocious, and beyond all possible bounds of decency; Defendant's actions were intentionally and recklessly caused to force Plaintiffs to experience emotional distress beyond that which a reasonable per could be expected to endure.

**SIXTH CAUSE OF ACTION – SECOND BREACH OF CONTRACT**

19.     The allegations contained in Paragraphs 1-18 are hereby incorporated by reference as if fully set forth herein.

20.     Plaintiffs obtained policy number 430-182-848 ("the Second Policy") with an effective date of January 1, 2016, and have materially complied with all terms of the same.

21.     Defendant has breached the terms of the Second Policy, thus causing damages to Plaintiffs.

**SEVENTH CAUSE OF ACTION**

22.     The allegations contained in Paragraphs 1-21 are hereby incorporated by reference as

3

if fully set forth herein.

23.     Defendant's breach of the Second Policy was in bad faith, and has caused the Plaintiffs damages.

### EIGHTH CAUSE OF ACTION – MALICIOUS WRONG

24.     The allegations contained in Paragraphs 1-23 are hereby incorporated by reference as if fully set forth herein.

25.     Defendant's conduct relating to the Policy and Second Policy and its actions directed towards Plaintiffs were intentional and calculated in the ordinary course of events to damage, done without just cause nor excuse, and which did, in fact, damage Plaintiffs, thus constituting a malicious wrong.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs hereby pray for judgment in their favor as follows:  Punitive damages and actual damages in excess of $75,000.00 against Defendant for the causes of action listed above.

Respectfully submitted,

BRANDES & YANCY, P.L.L.C.


BY:     _____
        J. BRIAN BRANDES, OBA #21112
        1214 E. 33rd St.
        Tulsa, OK, 74105
        918-924-5520 (phone)
        918-796-5717 (fax)
        brian@brandesandyancy.com

4

## **VERIFICATION**

STATE OF OKLAHOMA          )
COUNTY OF TULSA            )

    Hayden Ryan of lawful age and being first duly sworn states that he has read the foregoing Petition, that he is familiar with the contents therein and that the allegations set forth therein are true and correct.

_____
Hayden Ryan

    Subscribed and sworn before me this _____ day of _____, 2016.

STATE OF OKLAHOMA          )
COUNTY OF TULSA            )

    Autumn Ryan of lawful age and being first duly sworn states that she has read the foregoing Petition, that she is familiar with the contents therein and that the allegations set forth therein are true and correct.

_____
Autumn Ryan

    Subscribed and sworn before me this _____ day of _____, 2016.

# EXHIBIT B



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY **DISTRICT COURT**
STATE OF OKLAHOMA **F I L E D**

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

**MAR 1 6 2017**

**DON NEWBERRY, Court Clerk**
**STATE OF OKLA. TULSA COUNTY**

Plaintiffs,

Case No. CJ-2017-

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
COMPANY

**CJ-2017-0104**4

Defendant.

**DAMAN CANTRELL**

---

### PETITION

COMES NOW PLAINTIFFS Hayden and Autumn Ryan and their Minor Son C.R.

("Plaintiffs") and for their claims against Defendant United Healthcare Life Insurance Company

("Defendant") state as follows.

1.      Plaintiffs are Tulsa County residents and have been Tulsa County residents for all

relevant time periods.

2.      Defendant is an insurance company with its principal place of business outside of the

state of Oklahoma.

3.      The acts, omissions, and occurrences that gave rise to this lawsuit arose in Tulsa

County.

4.      Jurisdiction and venue are appropriate in this matter.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT OF DEFENDANT

5.      On or about January 1, 2015, Defendant issued Policy Number 430 038 821

("Policy") for Plaintiffs' minor son ("CR") with an effective date of January 1, 2015—December 31,

2015.

6.      The Policy was renewed for a second term from January 1, 2016, with an effective date of January 1, 2016—December 31, 2016.

7.      The Policy, by its terms, covers Applied Behavior Analysis (ABA) therapy, which is required by CR in light of his diagnosis of Autism Spectrum Disorder.

8.      The Policy, by its terms, is Guaranteed Renewable Subject to Listed Conditions.

9.      Defendant has refused to appropriately interpret the provisions of the Policy, thereby causing Plaintiffs damages.

## SECOND CAUSE OF ACTION – BAD FAITH OF DEFENDANT

Paragraphs 1-9 above are hereby incorporated by reference as if fully set forth herein.

10.     The Policy has been unreasonably interpreted by Defendant so that Defendant can save money, to the detriment of Plaintiffs' minor son CR.

11.     The Policy has been unreasonably interpreted by Defendant in bad faith, thus causing Plaintiffs damages.

## THIRD CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

Paragraphs 1-11 above are hereby incorporated by reference as if fully set forth herein.

12.     Defendant, by and through its actions, has breached the fiduciary duty it owes Plaintiffs and their minor son CR, thus causing Plaintiffs damages.

## FOURTH CAUSE OF ACTION - FRAUD

Paragraphs 1-12 above are hereby incorporated by reference as if fully set forth herein.

13.     Defendant, by no later than April 1, 2015, "provided guidance that [Defendant felt] ABA is not covered under the language of the Policy."

14.     On or about April 17, 2015, Defendant cited the relevant provisions of the Policy that address and provide coverage for ABA while incorrectly claiming that "there are no benefits for

2

ABA therapy in Oklahoma."

15.     The representation made by Defendant in ¶¶ 15-16 above were false at the time they were made, were made by Defendant with knowledge of its falsity, and were made with the intention that Plaintiffs rely upon it, which they did, thus causing them damages.

16.     Plaintiffs reserve the right to amend their claim for fraud as discovery continues to reveal additional counts of fraud.

**FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17.     The allegations contained above in Paragraphs 1-16 are hereby incorporated by reference as if fully set forth herein.

18.     Defendant's actions towards Plaintiffs in light of their minor son CR's condition, the clear language of the Policy providing coverage for ABA therapy, and the need for ongoing medical treatment were outrageous, atrocious, and beyond all possible bounds of decency; Defendant's actions were intentionally and recklessly caused to force Plaintiffs to experience emotional distress beyond that which a reasonable per could be expected to endure.

**SIXTH CAUSE OF ACTION – SECOND BREACH OF CONTRACT**

19.     The allegations contained in Paragraphs 1-18 are hereby incorporated by reference as if fully set forth herein.

20.     Plaintiffs obtained policy number 430-182-848 ("the Second Policy") with an effective date of January 1, 2016, and have materially complied with all terms of the same.

21.     Defendant has breached the terms of the Second Policy, thus causing damages to Plaintiffs.

**SEVENTH CAUSE OF ACTION**

22.     The allegations contained in Paragraphs 1-21 are hereby incorporated by reference as

if fully set forth herein.

23.    Defendant's breach of the Second Policy was in bad faith, and has caused the Plaintiffs damages.

### EIGHTH CAUSE OF ACTION – MALICIOUS WRONG

24.    The allegations contained in Paragraphs 1-23 are hereby incorporated by reference as if fully set forth herein.

25.    Defendant's conduct relating to the Policy and Second Policy and its actions directed towards Plaintiffs were intentional and calculated in the ordinary course of events to damage, done without just cause nor excuse, and which did, in fact, damage Plaintiffs, thus constituting a malicious wrong.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs hereby pray for judgment in their favor as follows:  Actual damages in an amount no less than $61,086.90 against Defendant for the causes of action listed above in addition to punitive damages.

Respectfully submitted,

BRANDES & YANCY, P.L.L.C.

BY: _____
J. BRIAN BRANDES, OBA #21112
1214 E. 33rd St.
Tulsa, OK, 74105
918-924-5520 (phone)
918-796-5717 (fax)
brian@brandesandyancy.com

4

## VERIFICATION

STATE OF OKLAHOMA      )
COUNTY OF TULSA      )

    Hayden Ryan of lawful age and being first duly sworn states that he has read the foregoing Petition, that he is familiar with the contents therein and that the allegations set forth therein are true and correct.

_____
Hayden Ryan

Subscribed and sworn before me this __12TH__ day of __December__, 2016.

STATE OF OKLAHOMA      )
COUNTY OF TULSA      )

    Autumn Ryan of lawful age and being first duly sworn states that she has read the foregoing Petition, that she is familiar with the contents therein and that the allegations set forth therein are true and correct.

_____
Autumn Ryan

Subscribed and sworn before me this __12__ day of __December__, 2016.

5

In The District Court in and for Tulsa County
State of Oklahoma

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

Plaintiffs,

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
COMPANY

Defendant.

DISTRICT COURT
F I L E D

MAR 3 1 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Case No. CJ-2017-1044

**DAMAN CANTRELL**

### AMENDED PETITION

COMES NOW PLAINTIFFS Hayden and Autumn Ryan and their Minor Son C.R. ("Plaintiffs") and for their claims against Defendant United Healthcare Life Insurance Company ("Defendant") state as follows.  Pursuant to Okla. Stat. tit. 12 § 2015, this Amended Pleading is being filed without leave of Court nor opposing counsel as a responsive pleading has not yet been served by Defendant.

1.      Plaintiffs are Tulsa County residents and have been Tulsa County residents for all relevant time periods.

2.      Defendant is an insurance company with its principal place of business outside of the state of Oklahoma.

3.      The acts, omissions, and occurrences that gave rise to this lawsuit arose in Tulsa County.

4.      Jurisdiction and venue are appropriate in this matter.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT OF DEFENDANT

5.      On or about January 1, 2015, Defendant issued Policy Number 430 038 821

("Policy") for Plaintiffs' minor son ("CR") with an effective date of January 1, 2015—December 31, 2015.

6.      The Policy was renewed for a second term from January 1, 2016, with an effective date of January 1, 2016—December 31, 2016.

7.      The Policy, by its terms, covers Applied Behavior Analysis (ABA) therapy, which is required by CR in light of his diagnosis of Autism Spectrum Disorder.

8.      The Policy, by its terms, is Guaranteed Renewable Subject to Listed Conditions.

9.      Defendant has refused to appropriately interpret the provisions of the Policy, thereby causing Plaintiffs damages.

## SECOND CAUSE OF ACTION – BAD FAITH OF DEFENDANT

Paragraphs 1-9 above are hereby incorporated by reference as if fully set forth herein.

10.     The Policy has been unreasonably interpreted by Defendant so that Defendant can save money, to the detriment of Plaintiffs' minor son CR.

11.     The Policy has been unreasonably interpreted by Defendant in bad faith, thus causing Plaintiffs damages.

## THIRD CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

Paragraphs 1-11 above are hereby incorporated by reference as if fully set forth herein.

12.     Defendant, by and through its actions, has breached the fiduciary duty it owes Plaintiffs and their minor son CR, thus causing Plaintiffs damages.

## FOURTH CAUSE OF ACTION - FRAUD

Paragraphs 1-12 above are hereby incorporated by reference as if fully set forth herein.

13.     Defendant, by no later than April 1, 2015, "provided guidance that [Defendant felt] ABA is not covered under the language of the Policy."

2

14.     On or about April 17, 2015, Defendant cited the relevant provisions of the Policy that address and provide coverage for ABA while incorrectly claiming that "there are no benefits for ABA therapy in Oklahoma."

15.     The representation made by Defendant in ¶ ¶ 15-16 above were false at the time they were made, were made by Defendant with knowledge of its falsity, and were made with the intention that Plaintiffs rely upon it, which they did, thus causing them damages.

16.     Plaintiffs reserve the right to amend their claim for fraud as discovery continues to reveal additional counts of fraud.

## FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17.     The allegations contained above in Paragraphs 1-16 are hereby incorporated by reference as if fully set forth herein.

18.     Defendant's actions towards Plaintiffs in light of their minor son CR's condition, the clear language of the Policy providing coverage for ABA therapy, and the need for ongoing medical treatment were outrageous, atrocious, and beyond all possible bounds of decency; Defendant's actions were intentionally and recklessly caused to force Plaintiffs to experience emotional distress beyond that which a reasonable per could be expected to endure.

## SIXTH CAUSE OF ACTION – SECOND BREACH OF CONTRACT

19.     The allegations contained in Paragraphs 1-18 are hereby incorporated by reference as if fully set forth herein.

20.     Plaintiffs obtained policy number 430-182-848 ("the Second Policy") with an effective date of January 1, 2016, and have materially complied with all terms of the same.

21.     Defendant has breached the terms of the Second Policy, thus causing damages to Plaintiffs.

3

## SEVENTH CAUSE OF ACTION

22.     The allegations contained in Paragraphs 1-21 are hereby incorporated by reference as if fully set forth herein.

23.     Defendant's breach of the Second Policy was in bad faith, and has caused the Plaintiffs damages.

## EIGHTH CAUSE OF ACTION – MALICIOUS WRONG

24.     The allegations contained in Paragraphs 1-23 are hereby incorporated by reference as if fully set forth herein.

25.     Defendant's conduct relating to the Policy and Second Policy and its actions directed towards Plaintiffs were intentional and calculated in the ordinary course of events to damage, done without just cause nor excuse, and which did, in fact, damage Plaintiffs, thus constituting a malicious wrong.

## NINTH CAUSE OF ACTION – NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

26.     The allegations contained in Paragraphs 1-25 are hereby incorporated by reference as if fully set forth herein.

27.     Defendant, by and through its agents, negligently procured the insurance for Plaintiffs in that the coverage promised by Defendant's agents was inconsistent with the coverage provided by Defendant, thus causing Plaintiffs damages.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs hereby pray for judgment in their favor as follows: Actual damages in an amount no less than $61,086.90 against Defendant for the causes of action listed above in addition to punitive damages.

Respectfully submitted,

BRANDES & YANCY, P.L.L.C.

BY: _____
J. BRIAN BRANDES, OBA #21112
1214 E. 33rd St.
Tulsa, OK, 74105
918-924-5520 (phone)
918-796-5717 (fax)
brian@brandesandyancy.com

## VERIFICATION

STATE OF OKLAHOMA          )
COUNTY OF TULSA            )

    Hayden Ryan of lawful age and being first duly sworn states that he has read the foregoing Amended Petition, that he is familiar with the contents therein and that the allegations set forth therein are true and correct.

_____
Hayden Ryan

Subscribed and sworn before me this 31 day of MARCH , 2017.

_____
Pamela K. Hirsche
Exp. 10/17/17

5





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

       Plaintiffs,

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
    COMPANY

       Defendant.

Case No. CJ-2017-1044
Judge Cantrell

DISTRICT COURT
**F I L E D**

MAR 2 6 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### NOTICE OF DEFENDANT'S LACK OF
### OBJECTION TO BEING SERVED OUT OF TIME

    COME NOW PLAINTIFFS and hereby provide notice to this Court that Defendant United

Healthcare Life Insurance Company ("Defendant") agreed to being served out of time, as evidenced

by the attached email wherein general counsel for Defendant advised he had no objection to an

additional 120 days of service on December 26, 2017. *See* Ex. 1, December 18—26, 2017, email

exchange between counsel for Plaintiffs and counsel for Defendant.

               Respectfully submitted,

               **BRANDES & YANCY, P.L.L.C.**

BY: _____

               J. BRIAN BRANDES, OBA #21112
               1214 E. 33rd St.
               Tulsa, OK, 74105
               918-924-5520 (phone)
               918-796-5717 (fax)
               brian@brandesandyancy.com
               **Attorney for Plaintiffs**



From: **Nejedlo, Todd** tnejedlo@unitedhealthone.com 
Subject: RE: Ryan v. UHC - Tulsa Co. Case No. CJ-17-1044
Date: December 26, 2017 at 1:11 PM
To: J. Brian Brandes  brian@brandesandyancy.com

I have no objection.

I will call you in a couple of days.  I apologize for not responding sooner.  My mother-in-law passed away the weekend before last and I have been helping my wife make funeral arrangements and trying to get her affairs in order.

**From:** J. Brian Brandes [mailto:brian@brandesandyancy.com]
**Sent:** Monday, December 18, 2017 12:04 PM
**To:** Nejedlo, Todd
**Cc:** maryjoy@brandesandyancy.com
**Subject:** Re: Ryan v. UHC - Tulsa Co. Case No. CJ-17-1044

Good morning Todd.

I'm following up on this matter.  As I requested in the voicemail I left you earlier, when you get the chance, will you please give me a call at 918-986-7410?  I know that you've recently taken over addressing this issue from Adam Carroll so I'd like some additional time to see if we can resolve this short of litigation.  Let me know please if you object to an additional 120 days for service.

Thanks,
Brian

J. Brian Brandes
Brandes & Yancy
1214 E. 33rd St.
Tulsa, OK, 74105
918.924.5520
918.986.7410 (direct)
918.796.5717 (fax)
brian@brandesandyancy.com

On Nov 13, 2017, at 12:47 PM, J. Brian Brandes

**EXHIBIT**
tabbies
1

<brian@brandesandyancy.com> wrote:

HI Todd.

Thank you for the quick response.

I do not have a counter at the moment. For a number of reasons, I think that this matter is best handled at a mediation. When we talk later I can explain this in detail.

Thanks,
Brian


J. Brian Brandes
Brandes & Yancy
1214 E. 33rd St.
Tulsa, OK, 74105
918.924.5520
918.986.7410 (direct)
918.796.5717 (fax)
brian@brandesandyancy.com




On Nov 13, 2017, at 12:44 PM, Nejedlo, Todd
<tnejedlo@unitedhealthone.com> wrote:

Hi Brian-

I have talked to Adam and am in the process of reviewing all of the file materials. I can give you a call in a day or so.

However, as an initial matter, I know Adam extended a settlement offer of ███ Do you have a counter demand?

Todd
**Todd W. Nejedlo**
**Associate General Counsel**
UnitedHealthcare

**REDACTED**

7440 Woodland Drive
Indianapolis, IN 46278

Phone: (317) 715-7926
Fax: (317) 328-9645
E-mail: tnejedlo@UnitedHealthOne.com

<image003.png>

**From:** J. Brian Brandes [mailto:brian@brandesandyancy.com]
**Sent:** Thursday, November 09, 2017 4:02 PM
**To:** Nejedlo, Todd
**Cc:** maryjoy@brandesandyancy.com; Carroll, Adam
**Subject:** Ryan v. UHC - Tulsa Co. Case No. CJ-17-1044

Hello Mr. Nejedlo.

At your earliest convenience, please give me a call to
discuss this matter.

Thanks,
Brian

J. Brian Brandes
Brandes & Yancy
1214 E. 33rd St.
Tulsa, OK, 74105
918.924.5520
918.986.7410 (direct)
918.796.5717 (fax)
brian@brandesandyancy.com

This e-mail, including attachments, may include confidential and/or
proprietary information, and may be used only by the person or entity
to which it is addressed. If the reader of this e-mail is not the intended
recipient or his or her authorized agent, the reader is hereby notified
that any dissemination, distribution or copying of this e-mail is
prohibited. If you have received this e-mail in error, please notify the

prohibited. If you have received this e-mail in error, please notify the
sender by replying to this message and delete this e-mail immediately.

This e-mail, including attachments, may include confidential and/or
proprietary information, and may be used only by the person or entity
to which it is addressed. If the reader of this e-mail is not the intended
recipient or his or her authorized agent, the reader is hereby notified
that any dissemination, distribution or copying of this e-mail is
prohibited. If you have received this e-mail in error, please notify the
sender by replying to this message and delete this e-mail immediately.



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**

FEB **23** 2018



DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

Plaintiffs,

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
COMPANY

Defendant.

Case No. CJ-2017-1044

## ORDER GRANTING PLAINTIFFS' SECOND MOTION
## FOR EXTENSION OF TIME TO EFFECTUATE SERVICE

This Court, having reviewed Plaintiffs' Unopposed Motion for Extension of Time to

Effectuate Service ("Motion"), hereby finds that good cause exists pursuant to Okla. Stat. tit. 12

§ 2004(I) for the Motion to be granted and hereby provides Plaintiffs with an additional 90 days to

effectuate service upon the Defendant, i.e. until **April 2, 2018**.

_____

JUDGE OF THE DISTRICT COURT

Prepared by:
J. Brian Brandes, OBA #21112
*Attorney for Plaintiffs*







IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

DEC 21 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

Plaintiffs,

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
COMPANY

Defendant.

Case No. CJ-2017-1044

---

## PLAINTIFFS' SECOND MOTION FOR
## EXTENSION OF TIME TO EFFECTUATE SERVICE

COME NOW PLAINTIFFS Autumn and Hayden Ryan, and, pursuant to Okla. Stat. tit. 12 §
2004(I), and this Court's Order of November 16, 2017, hereby seeks an additional 90 days to
effectuate service on Defendant for good cause, as set forth below.

1.      Plaintiffs filed suit on March 16, 2017, after an insurance dispute arose between them
and Defendant relating to Applied Behavioral Analysis Therapy ("ABA Therapy") insurance
coverage provided to their son.

2.      Since this suit was filed, Plaintiffs and Defendant have entered into a settlement
dialogue, but are yet to reach an agreement.

3.      The subject-matter of this suit relates to the incredibly sensitive issue of insurance
coverage for involved therapy for children with autism, and the parties are in agreement that a
settlement dialogue may prove beneficial.

4.      On November 9, 2017, the Defendant employed new general counsel with
responsibility for this matter. Counsel for Plaintiffs and the new general counsel have spoken and
exchanged emails. There has been a settlement dialogue but no agreement has been reached to date.

*P*

On December 18, 2017, Plaintiff asked Defendant for additional time to effectuate service in light of the ongoing settlement dialogue. Defendant's new general counsel is yet to reply. *See* Ex. 1, email chain between Plaintiffs' counsel and new general counsel for Defendant.1

     5.    Pursuant to Okla. Stat. tit. 12 § 2004(I), in light of the ongoing settlement communications, Plaintiffs request that this Court provide them with permission to have summons issued that provide them with an additional 90 days to effectuate service upon the Defendant, until **April 2, 2018,** to effectuate service upon Defendant.

     6.    A proposed order has been submitted herewith.

                    Respectfully submitted,

                    **BRANDES & YANCY, P.L.L.C.**

BY: _____

J. BRIAN BRANDES, OBA #21112
1214 E. 33rd St.
Tulsa, OK, 74105
918-924-5520 (phone)
918-796-5717 (fax)
brian@brandesandyancy.com
**Attorney for Plaintiffs**

---

1 In light of the confidential nature of this communication, it has been partially redacted.

2



**From:** J. Brian Brandes brian@brandesandyancy.com
**Subject:** Re: Ryan v. UHC - Tulsa Co. Case No. CJ-17-1044
**Date:** December 18, 2017 at 11:03 AM
**To:** Nejedio, Todd tnejedlo@unitedhealthone.com
**Cc:** maryjoy@brandesandyancy.com

## Good morning Todd.

I'm following up on this matter.  As I requested in the voicemail I left you earlier, when you get the chance, will you please give me a call at 918-986-7410?  I know that you've recently taken over addressing this issue from Adam Carroll so I'd like some additional time to see if we can resolve this short of litigation. Let me know please if you object to an additional 120 days for service.

**Thanks,**
**Brian**

J. Brian Brandes
Brandes & Yancy
1214 E. 33rd St.
Tulsa, OK, 74105
918.924.5520
918.986.7410 (direct)
918.796.5717 (fax)
brian@brandesandyancy.com

---

On Nov 13, 2017, at 12:47 PM, J. Brian Brandes <brian@brandesandyancy.com> wrote:

## HI Todd.

## Thank you for the quick response.

**REDACTED**



**Thanks,**
**Brian**

J. Brian Brandes
Brandes & Yancy
1214 E. 33rd St.
Tulsa, OK, 74105
918.924.5520
918.986.7410 (direct)
918.796.5717 (fax)



EXHIBIT

1

brian@brandesandyancy.com

On Nov 13, 2017, at 12:44 PM, Nejedlo, Todd <tnejedlo@unitedhealthone.com> wrote:

Hi Brian-

I have talked to Adam and am in the process of reviewing all of the file materials.  I can give you a call in a day or so.

**REDACTED**

**Todd W. Nejedlo**
**Associate General Counsel**
UnitedHealthcare
7440 Woodland Drive
Indianapolis, IN 46278

Phone: (317) 715-7926
Fax: (317) 328-9645
E-mail: tnejedlo@UnitedHealthOne.com

<image003.png>

**From:** J. Brian Brandes [mailto:brian@brandesandyancy.com]
**Sent:** Thursday, November 09, 2017 4:02 PM
**To:** Nejedlo, Todd
**Cc:** maryjoy@brandesandyancy.com; Carroll, Adam
**Subject:** Ryan v. UHC - Tulsa Co. Case No. CJ-17-1044

Hello Mr. Nejedlo.

At your earliest convenience, please give me a call to discuss this matter.

Thanks,
Brian

J. Brian Brandes
Brandes & Yancy
1214 E. 33rd St.
Tulsa, OK, 74105

918.924.5520
918.986.7410 (direct)
918.796.5717 (fax)
brian@brandesandyancy.com

This e-mail, including attachments, may include confidential and/or
proprietary information, and may be used only by the person or entity
to which it is addressed. If the reader of this e-mail is not the intended
recipient or his or her authorized agent, the reader is hereby notified
that any dissemination, distribution or copying of this e-mail is
prohibited. If you have received this e-mail in error, please notify the
sender by replying to this message and delete this e-mail immediately.



*1038774340*

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

NOV 1 6 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

Plaintiffs,

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
COMPANY

Defendant.

Case No. CJ-2017-1044

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
## FOR EXTENSION OF TIME TO EFFECTUATE SERVICE

This Court, having reviewed Plaintiffs' Unopposed Motion for Extension of Time to

Effectuate Service ("Motion"), hereby finds that good cause exists pursuant to Okla. Stat. tit. 12

§ 2004(I) for the Motion to be granted and hereby provides Plaintiffs with an additional ~~180~~ 90 days to

effectuate service upon the Defendant, i.e. until ~~March 11, 2018.~~ January 2, 2018

_____

JUDGE OF THE DISTRICT COURT

Prepared by:
J. Brian Brandes, OBA #21112
*Attorney for Plaintiffs*

ρ





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

HAYDEN AND AUTUMN RYAN, INDIVIDUALLY AND AS
PARENTS AND NEXT FRIENDS OF THEIR MINOR SON C.R.

Plaintiffs,

vs.

(1) UNITED HEALTHCARE LIFE INSURANCE
COMPANY

Defendant.

Case No. CJ-2017-1044



DISTRICT COURT
F I L E D

SEP 1 5 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA, TULSA COUNTY

## PLAINTIFFS' UNOPPOSED MOTION FOR
## EXTENSION OF TIME TO EFFECTUATE SERVICE

COME NOW PLAINTIFFS Autumn and Hayden Ryan, and, pursuant to Okla. Stat. tit. 12 § 2004(I), and this Court's Order of September 12, 2017, hereby seeks an additional 180 days to effectuate service on Defendant for good cause, as set forth below.

1. Plaintiffs filed suit on March 16, 2017, after an insurance dispute arose between them and Defendant relating to Applied Behavioral Analysis Therapy ("ABA Therapy") insurance coverage provided to their son.

2. Since this suit was filed, Plaintiffs and Defendant have entered into a settlement dialogue, but are yet to reach an agreement.

3. On July 26, 2017, the assistant general counsel employed by Defendant with whom Plaintiffs have been speaking confirmed that Defendant had no objection to an extension on service in light of the ongoing settlement dialogue. *See* Ex. 1, July 26, 2017, email between Plaintiffs' counsel and assistant general counsel for Defendant.1

4. Pursuant to Okla. Stat. tit. 12 § 2004(I), in light of the non-objection of Defendant



and the ongoing settlement communications, Plaintiffs request that this Court provide them with permission to have summons issued that provide them with an additional 180 days to effectuate service upon the Defendant, until **March 11, 2018,** to effectuate service upon Defendant.

5.      A proposed order has been submitted herewith.

Respectfully submitted,

**BRANDES & YANCY, P.L.L.C.**

BY:  _____

J. BRIAN BRANDES, OBA #21112
1214 E. 33rd St.
Tulsa, OK, 74105
918-924-5520 (phone)
918-796-5717 (fax)
brian@brandesandyancy.com

---

1 In light of the confidential nature of this communication, it has been partially redacted.

2



From: **J. Brian Brandes** brian@brandesandyancy.com
Subject: Ryan v. United - extension on service
Date: July 26, 2017 at 10:15 AM
To: Carroll, Adam acarroll@unitedhealthone.com
Cc: maryjoy@brandesandyancy.com

Thank you for the time earlier Adam.  I also appreciate you agreeing on behalf of UHC to not object to an extension to serve UHC as we explore a potential early resolution.

**REDACTED**

Thanks,
Brian

J. Brian Brandes
Brandes & Yancy
1214 E. 33rd St.
Tulsa, OK, 74105
918.924.5520
918.986.7410 (direct)
918.798.5717 (fax)
brian@brandesandyancy.com





TO:

J BRIAN BRADNES
BRANDES & YANCYT PLLC
1214 E 33RD ST
TULSA, OK 74105

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

SEP 1 2 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

AUTUMN RYAN, et al,
Plaintiff(s),
vs.
UNITED HEALTHCARE LIFE INSURANCE
COMPANY,
Defendant.

Case #: CJ-2017-1044

Judge: Daman H. Cantrell

## NOTICE OF IMPENDING DISMISSAL FOR FAILURE TO OBTAIN SERVICE WITHIN 180 DAYS

Pursuant to an examination of the files and docket sheet, it appears that more than one hundred eighty (180) days have elapsed and service has not been made upon the following Defendant(s): UNITED HEALTHCARE LIFE INSURANCE COMPANY; .

Plaintiff is hereby notified to file by **Tuesday, September 26, 2017** an appropriate motion or pleading to show cause why this action should not be dismissed as to the above-named Defendant(s) pursuant to 12 Oklahoma Statutes Section 2004(I).

_____9|12|17_____                    **DAMAN CANTRELL**
Dated                                   Judge of the District Court

CERTIFICATE OF MAILING

I hereby certify that on _____9|12|_____, 20__, I mailed a true and correct copy of this Notice to the following persons, and filed a true and correct copy in this case.
To: J BRIAN BRADNES, Brandes & Yancyt Pllc, 1214 E 33rd St, Tulsa, OK 74105.

_____
Deputy Court Clerk

**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA**

| | |
|---|---|
| HAYDEN RYAN,<br>        Plaintiff, and<br>AUTUMN RYAN,<br>        Plaintiff,<br>v.<br>UNITED HEALTHCARE LIFE INSURANCE COMPANY,<br>        Defendant. | No. CJ-2017-1044<br>(Civil relief more than $10,000:<br>**BAD FAITH INSURER LIABILITY**)<br><br>Filed: 03/16/2017<br><br><br>Judge: Cantrell, Daman H. |

## Parties

R, C , Minor
RYAN, AUTUMN , Plaintiff
RYAN, HAYDEN , Plaintiff
UNITED HEALTHCARE LIFE INSURANCE COMPANY , Defendant

## Attorneys

| **Attorney** | **Represented Parties** |
|---|---|
| BRADNES, J BRIAN(Bar # 21112)<br>BRANDES & YANCYT PLLC<br>1214 E 33RD ST<br>TULSA, OK 74105 | RYAN, HAYDEN<br>RYAN, AUTUMN |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: BAD FAITH INSURER LIABILITY (INSURE)
Filed by: RYAN, HAYDEN
Filed Date: 03/16/2017

**Party Name:**

**Disposition Information:**

**Defendant:** UNITED HEALTHCARE LIFE INSURANCE COMPANY

Pending.

**Issue # 2.**

Issue: BAD FAITH INSURER LIABILITY (INSURE)
Filed by: RYAN, AUTUMN
Filed Date: 03/16/2017

**Party Name:**

**Disposition Information:**

**Defendant:** UNITED HEALTHCARE LIFE INSURANCE COMPANY

Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | User Name | | |
|---|---|---|---|---|---|---|---|---|
| 03-16-2017 | TEXT | 1 | | 100943296 | Mar 16 2017 4:06:57:333PM | OSCN\CarolynKindley | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | | |
| 03-16-2017 | INSURE | - | | 100943298 | Mar 16 2017 4:06:57:463PM | OSCN\CarolynKindley | Realized | $ 0.00 |
| | BAD FAITH INSURER LIABILITY | | | | | | | |
| 03-16-2017 | DMFE | - | | 100943299 | Mar 16 2017 4:06:57:510PM | SYSTEM\Autodocket | Realized | $ 7.00 |

DISPUTE MEDIATION FEE($ 7.00)

---

03-16-2017 PFE1    -    100943300    Mar 16 2017 4:33:29:440PM    OSCN\SharonLaw    Realized    $ 163.00

PETITION($ 163.00)

📄 *Document Available (#1036219757)*

---

03-16-2017 PFE7    -    100943301    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 6.00

LAW LIBRARY FEE($ 6.00)

---

03-16-2017 OCISR    -    100943302    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 25.00

OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00)

---

03-16-2017 OCJC    -    100943303    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 1.55

OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 1.55)

---

03-16-2017 OCASA    -    100943304    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 5.00

OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00)

---

03-16-2017 SSFCHSCPC    -    100943305    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 10.00

SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER($ 10.00)

---

03-16-2017 CCADMINCSF    -    100943306    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 1.00

COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER($ 1.00)

---

03-16-2017 CCADMIN0155    -    100943307    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 0.16

COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION($ 0.16)

---

03-16-2017 SJFIS    -    100943308    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 0.45

STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES($ 0.45)

---

03-16-2017 DCADMIN155    -    100943309    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 0.23

DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS($ 0.23)

---

03-16-2017 DCADMIN05    -    100943310    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 0.75

DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS($ 0.75)

---

03-16-2017 DCADMINCSF    -    100943311    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 1.50

DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER($ 1.50)

---

03-16-2017 CCADMIN04    -    100943312    Mar 16 2017 4:06:57:510PM    SYSTEM\Autodocket    Realized    $ 0.50

COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50)

---

03-16-2017 LTF    -    100943313    Mar 16 2017 4:06:58:053PM    OSCN\CarolynKindley    Realized    $ 10.00

LENGTHY TRIAL FUND($ 10.00)

---

03-16-2017 TEXT    -    100943297    Mar 16 2017 4:06:57:397PM    OSCN\CarolynKindley    -    $ 0.00

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CANTRELL, DAMAN H. TO THIS CASE.

---

Mar 16 2017

03-16-2017 ACCOUNT    100943322   4:07:25:623PM    OSCN\CarolynKindley   -    $ 0.00

RECEIPT # 2017-3524670 ON 03/16/2017.
PAYOR: BRANDES & YANCY TOTAL AMOUNT PAID: $ 232.14.
LINE ITEMS:
CJ-2017-1044: $163.00 ON AC01 CLERK FEES.
CJ-2017-1044: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.
CJ-2017-1044: $1.66 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2017-1044: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2017-1044: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2017-1044: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.
CJ-2017-1044: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.
CJ-2017-1044: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.
CJ-2017-1044: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2017-1044: $10.00 ON AC81 LENGTHY TRIAL FUND.
CJ-2017-1044: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY.

---

03-31-2017 AMP   -   RYAN, HAYDEN   101114239   Apr 3 2017 11:05:00:380AM    OSCN\CarolynKindley   -    $ 0.00

AMENDED PETITION
📄 *Document Available (#1036561132)*

---

09-12-2017 CTFREE   -   102737295   Sep 12 2017 2:47:47:623PM    OSCN\MelissaNorris   -    $ 0.00

MINUTE ORDER: NOTICE OF IMPENDING DISMISSAL FOR FAILURE TO OBTAIN SERVICE WITHIN 180 DAYS.
PLAINTIFF TO SHOW CAUSE BY 9-26-17 OR CASE WILL BE DISMISSED. NOTICE MAILED TO BRIAN
BRADNES.

---

09-12-2017 NO   -   102751163   Sep 26 2017 3:47:39:560PM    OSCN\MelissaNorris   -    $ 0.00

NOTICE OF IMPENDING DISMISSAL FOR FAILURE OT OBTAIN SERVICE WITHIN 180 DAYS / CERTIFICATE
OF MAILING / TO: J BRIAN BRADNES
📄 *Document Available (#1038230850)*

---

09-15-2017 MO   -   RYAN, HAYDEN   102792123   Sep 18 2017 12:46:03:163PM    OSCN\CarolynKindley   -    $ 0.00

PLAINTIFFS UNOPPOSED MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE / A TO J
📄 *Document Available (#1038229296)*

---

09-26-2017 CTFREE   -   102877293   Sep 26 2017 11:11:49:363AM    OSCN\MelissaNorris   -    $ 0.00

MINUTE ORDER: SHOW CAUSE ACCEPTED BY THE COURT AND PLAINTIFF IS GIVEN ADDITIONAL TIME OF
90 DAYS OR UNTIL 1-2-18 TO OBTAIN SERVICE ON DEFENDANT.

---

11-16-2017 O   -   103556567   Nov 17 2017 10:05:26:943AM    OSCN\DanielHaddock   -    $ 0.00

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO EFFECTUATE
SERVICE
📄 *Document Available (#1038774340)*

---

12-21-2017 MO   -   RYAN, HAYDEN   103880290   Dec 21 2017 2:35:02:490PM    OSCN\DanielHaddock   -    $ 0.00

PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE / A2J
📄 *Document Available (#1039090609)*

---

01-02-2018 CTFREE   -   103946841   Jan 2 2018 3:39:36:123PM    OSCN\MelissaNorris   -    $ 0.00

MINUTE ORDER: ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO
EFFECTUATE SERVICE FOR AN ADDITIONAL 90 DAYS OR UNTIL 4-2-18; ORDER ENTERED.

---

02-26-2018 O   -   104466884   Feb 26 2018 10:14:05:720AM    OSCN\ZinaRawlins   -    $ 0.00

ORDER GRANTING PLAINTIFFS SECOND MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE
📄 *Document Available (#1039614131)*

---

| 03-26-2018 | SMF | - | | 104773334 | 4:09:40:057PM | OSCN\CarolynKindley | Realized | $ 30.00 |
|---|---|---|---|---|---|---|---|---|
| | SUMMONS FEE-3($ 30.00) | | | | | | | |

| 03-26-2018 | SMIMA | - | | 104773335 | Mar 26 2018 4:09:45:190PM | OSCN\CarolynKindley | - | $ 0.00 |
|---|---|---|---|---|---|---|---|---|
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | | | |

| 03-26-2018 | NO | - | RYAN, HAYDEN | 104779737 | Mar 27 2018 10:47:24:400AM | OSCN\pamelazitzman | - | $ 0.00 |
|---|---|---|---|---|---|---|---|---|
| | NOTICE OF DEFENDANTS LACK OF OBJECTION TO BEING SERVED OUT OF TIME | | | | | | | |
| | 📄 *Document Available (#1039840668)* | | | | | | | |

| 03-26-2018 | ACCOUNT | - | | 104773341 | Mar 26 2018 4:10:08:707PM | OSCN\CarolynKindley | - | $ 0.00 |
|---|---|---|---|---|---|---|---|---|
| | RECEIPT # 2018-3735570 ON 03/26/2018. PAYOR: BRANDES & YANCY PLLC TOTAL AMOUNT PAID: $ 30.00. LINE ITEMS: CJ-2017-1044: $30.00 ON AC01 CLERK FEES. | | | | | | | |

| 03-27-2018 | SMF | - | | 104787592 | Mar 27 2018 3:28:10:537PM | OSCN\LisaMCarpenter | Realized | $ 10.00 |
|---|---|---|---|---|---|---|---|---|
| | SUMMONS FEE($ 10.00) | | | | | | | |

| 03-27-2018 | SMIMA | - | | 104787593 | Mar 27 2018 3:28:18:050PM | OSCN\LisaMCarpenter | - | $ 0.00 |
|---|---|---|---|---|---|---|---|---|
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | | | |

| 03-27-2018 | ACCOUNT | - | | 104787601 | Mar 27 2018 3:28:39:717PM | OSCN\LisaMCarpenter | - | $ 0.00 |
|---|---|---|---|---|---|---|---|---|
| | RECEIPT # 2018-3736529 ON 03/27/2018. PAYOR: BRANDES & YANCY PLLC TOTAL AMOUNT PAID: $ 10.00. LINE ITEMS: CJ-2017-1044: $10.00 ON AC01 CLERK FEES. | | | | | | | |

## Balances

| Party | Costs Due | Costs Paid | Balance Due | Cash Bonds | Bond Forf. | Overpayments | Holding |
|---|---|---|---|---|---|---|---|
| RYAN, AUTUMN | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| UNITED HEALTHCARE LIFE INSURANCE COMPANY | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| RYAN, HAYDEN | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| R, C | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Generic Party | $ 272.14 | $ 272.14 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Totals | $ 272.14 | $ 272.14 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

Report Generated by The Oklahoma Court Information System at April 5, 2018 11:51 AM

End of Transmission.